**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SUSAN KIRSCHNER, ET AL., | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:21-CV-00469-SDJ- |
| v. | § | CAN |
| | § | |
| TEXAS DEPARTMENT OF FAMILY | § | |
| AND PROTECTIVE SERVICES, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendant Linda Risinger's Motion to Dismiss [Dkt. 8],
Defendant Timothy Alexander's Motion to Dismiss [Dkt. 9], and Plaintiffs Susan Kirschner and
Minor Child A.K.'s Motion for Leave to Amend Complaint [Dkt. 20]. After reviewing the
Motions [Dkts. 8; 9], Responses [Dkts. 12; 13], Replies [Dkts. 15; 18], and all other relevant
filings, the Court recommends Defendant Risinger's Motion to Dismiss [Dkt. 8] and Defendant
Alexander's Motion to Dismiss [Dkt. 9] each be **GRANTED** in part and **DENIED** in part, as set
forth herein, and Plaintiff's Motion for Leave to Amend Complaint [Dkt. 20] be **DENIED**.

## BACKGROUND

*Relevant Factual and Procedural History*

On June 18, 2021, Plaintiffs Susan Kirschner ("Kirschner") and her Minor Child A.K.
(together, "Plaintiffs") filed the instant action against Defendants Texas Department of Family and
Protective Services ("DFPS"), Linda Risinger ("Risinger"), and Timothy Alexander
("Alexander"), alleging claims arising out of a state court proceeding initiated by Child Protective

Services ("CPS") [Dkt. 1].[1]  Plaintiffs' Original Complaint asserts claims for violations of the constitutional rights provided by the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment against all Defendants,[2] as well as a state-law claim for breach of fiduciary duty against Defendants Risinger and Alexander [Dkt. 1 at 5-6].

Kirschner pleads that, in 2019, she was investigated by CPS after it received reports from a third party that she was planning to murder A.K. and commit acts of violence toward members of her community [Dkt. 1 at 2-3].  CPS is a division of the Texas Department of Family and Protective Services; DFPS has not appeared in this action.  On June 5, 2019, CPS visited Kirschner and A.K. at their residence, allegedly seeking to enter the home without a warrant and to question A.K. and Kirshner [Dkt. 1 at 3].  Kirschner refused [Dkt. 1 at 3].  On June 9, 2019, A.K. was removed from Kirschner's custody when CPS returned with a sheriff [Dkt. 1 at 3].  Plaintiffs allege CPS provided Kirschner no information about the investigation and no other notice or hearing "other than notice of a preliminary hearing to take place 21 days from the date of taking her daughter out of the home" [Dkt. 1 at 3].

After the initial removal of A.K., Defendant Risinger represented Kirschner as her attorney at a state court preliminary hearing that determined Kirschner and A.K. should remain separated during CPS's investigation [Dkt. 1 at 3-4].  Kirschner alleges that, at this preliminary hearing, Risinger requested the state court terminate Kirschner's parental rights because Risinger was allegedly upset Kirchner would not sign a confession admitting to false allegations that she attempted to murder A.K. [Dkt. 1 at 4].  Kirschner was represented by Defendant Alexander at

---

[1] Return of service is on file for DFPS [Dkt. 11]. The summons indicates service upon DFPS was made through the Office of the Attorney General of Texas [Dkt. 4].  To date, Plaintiffs have not sought to dismiss or moved for default against DFPS.

[2] Plaintiffs' constitutional claims do not specifically delineate which Defendants they encompass, reciting only "Defendant's violation" (which seemingly refers solely to DFPS); however, Plaintiffs' Responses to the pending Motions to Dismiss urge the claims are against all Defendants.  As a result, the Court discusses the viability of the constitutional claims against all Defendants.

subsequent hearings in the underlying state court dispute [Dkt. 1 at 4].   Kirschner alleges Alexander lied to her about a deal with DFPS that would permit her to visit A.K., and then subsequent to such visit at the courthouse, Alexander told the court that Kirschner visited her daughter against his advice and without any agreement with DFPS [Dkt. 1 at 4].   Alexander allegedly also asked her to sign paperwork that was blank [Dkt. 1 at 4].   Kirschner was separated from her daughter A.K. for months before being reunited after CPS ultimately determined the allegations were untrue and concluded its investigation [Dkt. 1 at 5].

## DEFENDANTS' MOTIONS TO DISMISS

Defendant Risinger [Dkt. 8] and Defendant Alexander [Dkt. 9] each filed Motions to Dismiss alleging similar theories for dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).   Specifically, under Rule 12(b)(1), Defendants urge the Court lacks subject matter jurisdiction to hear Plaintiffs' claims because they are barred by the *Rooker–Feldman* doctrine [Dkts. 8 at 6-9; 9 at 3-7].[3]   They also urge the Court lacks supplemental jurisdiction to hear Kirschner's state law breach of fiduciary duty claim.   Under Rule 12(b)(6), Defendants urge Kirschner's constitutional and breach of fiduciary duty claims must be dismissed for failure to state a claim [Dkts. 8 at 9-13; 9 at 7-14].[4]

---

[3] A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).  Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception."  *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)).  The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[4] A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant.  *See* FED. R. CIV. P. 12(b)(6).  The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Each claim must include enough factual allegations "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff.  *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The Court must then determine whether the complaint states a claim for relief that is plausible on its face.  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the

### Rule 12(b)(1) – Rooker–Feldman *Doctrine Does Not Apply*

"Subject-matter jurisdiction is essential for the federal judiciary to hear a case." *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). Because *Rooker-Feldman* is jurisdictional, it must be addressed first. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381-82 (5th Cir. 2013); *see Doggins v. Green*, No. 4:18-CV-00383-ALM-CAN, 2020 WL 6482981, at *3 (E.D. Tex. Aug. 17, 2020), *report and recommendation adopted*, No. 4:18-CV-383, 2020 WL 5587238 (E.D. Tex. Sept. 18, 2020) (same). Defendants Risinger and Alexander move to dismiss Plaintiffs' claims as barred by the *Rooker–Feldman* doctrine on the grounds that the injuries complained of are "inextricably intertwined" with state court orders that resulted in the separation of Kirschner and A.K., and the only damages Plaintiffs plead flow from issuance of the state court orders [Dkts. 8 at 8-9; 9 at 3-4]. In response, Plaintiffs argue *Rooker–Feldman* is inapplicable because they do not attack or seek review of any state court judgment and the alleged injuries and damages result from the misrepresentations and actions of Defendants DFPS, Risinger, and Alexander [Dkts. 12 at 6; 13 at 5-6].

Under the *Rooker–Feldman* doctrine, a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker–Feldman* has four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and

---

defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alterations in original). Where, as here, Plaintiffs also purports to assert claims under 42 U.S.C. § 1983, the complaint "must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990) (citation omitted).

(4) the federal suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citation omitted).  The doctrine applies to both final judgments and "claims that are 'inextricably intertwined' with a state court decision." *Id.*  "One hallmark of the *Rooker–Feldman* inquiry is what the federal court is being asked to review and reject." *Truong*, 717 F.3d at 382 (citing *Exxon Mobil*, 544 U.S. at 284).  "The second hallmark of the *Rooker–Feldman* inquiry is the source of the federal plaintiff's alleged injury." *Id.*

"The federalism interests underlying the *Rooker–Feldman* doctrine particularly apply to domestic issues like child custody and child support." *Johnson v. MDHS*, No. 1:19-CV-829-HSO-JCG, 2020 WL 5415491, at *1 (S.D. Miss. Apr. 14, 2020), *report and recommendation adopted*, No. 1:19CV829-HSO-JCG, 2020 WL 2572535 (S.D. Miss. May 21, 2020).  Nevertheless, the *Rooker–Feldman* doctrine is applied narrowly; it "does not bar a federal lawsuit simply because it challenges the state court's legal conclusions or alleges that the parties misled the state court." *Saloom v. Texas Dep't of Fam. & Child Protective Servs.*, 578 F. App'x 426, 429 (5th Cir. 2014) (per curiam) (citing *Truong*, 717 F.3d at 383-84).  Further to this point, a plaintiff's federal lawsuit "is not barred if the alleged injuries were caused by the defendants' actions rather than by the state court judgment, even if the defendants' actions led to the state court judgment." *Id.* (citing *Truong*, 717 F.3d at 382-84); *Mathis v. Texas Dep't of Fam. & Protective Servs.*, No. SA-21-CV-00898-XR, 2021 WL 4551194, at *2 (W.D. Tex. Oct. 5, 2021) ("Because the source of Plaintiff's claimed injuries is not any custody order issued by the state court but the conduct of Defendants leading up to the issuance of that order, her claims are not necessarily barred by *Rooker-Feldman*.").

Relevant to the Court's consideration here is *Saloom*; there, the Fifth Circuit analyzed alleged civil rights violations arising out of the removal of a child from a mother's custody without a court order, with an ongoing custody proceeding resulting in temporary custody to the father.

578 F. App'x at 427-28.  The plaintiff challenged the actions taken by the various defendants before the state court entered any orders, such as the defendants' initial non-judicial seizure of her child, and the defendants' offering of perjured and incorrect testimony in state court.  *Id.* at 429.  The Fifth Circuit held the *Rooker–Feldman* doctrine did not bar the plaintiff's lawsuit challenging the initial non-judicial seizure of a minor child and other events associated with that seizure, explaining that although "the amended complaint is not a model of clarity, *Saloom* sought damages for injuries caused by the defendants' actions rather than by the state court judgment, which is demonstrated by her emphasis on the defendants' actions rather than the state court judgment."  *Id*.  Likewise, in *Bogard v. Falkenberg*, the parent-plaintiffs alleged wrongdoing related to the seizure of their children by DFPS prior to the issuance of any custody orders.  No. SA-21-CV-00021-FB, 2021 WL 1026060, at *5 (W.D. Tex. Mar. 16, 2021).  The plaintiffs in that cause sued DFPS, various employees of DFPS, as well as several judges, attorneys, and other individuals under § 1983 for money damages.  The *Bogard* court, citing the similarity to the allegations in *Saloom*, declined to dismiss under *Rooker-Feldman*.  *Id.*; *see also Valdez v. Texas Dep't of Family & Protective Servs.*, No. CIV.A. 5:14-1056-RCL, 2015 WL 4395404, at *4-6 (W.D. Tex. July 15, 2015) (citing *Saloom*, 578 F. App'x at 429) (internal citation omitted) (noting plaintiff "does not seek the review or rejection of the state court's custody order in the amended complaint.  Instead, she challenges actions taken by the defendants before the state court entered any orders.").

Plaintiffs allege DFPS violated their constitutional rights when it separated Kirschner and A.K. without notice and a hearing; more specifically, Plaintiffs' due process claim alleges DFPS, through CPS, denied any notice and a hearing before depriving them of their Fourteenth Amendment rights, including forcing Kirschner from her home, separating her from her daughter, and removing A.K. before a preliminary hearing ever occurred before a court [Dkt. 1 at 5].

Plaintiffs' equal protection claim arises from the same factual allegations, adding only that A.K. is a member of a protected class due to her race [Dkt. 1 at 5-6]. Plaintiffs allege these violations caused them mental anguish, expenses incurred due to displacement, loss of companionship in the past and future, and lost expenses to "secure contractual services" as to the breach of fiduciary duty claims [Dkt. 1 at 5-7]. For relief, Plaintiffs seek actual and consequential damages, punitive/exemplary damages, attorney's fees, costs, and interest [Dkt. 1 at 7]. Plaintiffs do not request reversal of any state court order. To this point, in Response to the Motions to Dismiss, Plaintiffs further advocate "nowhere in Plaintiffs Complaint do Plaintiffs take issue with the Court. Plaintiffs have alleged that because of Attorney defendants and [DFPS] actions and misrepresentations to the court and outside it, Plaintiffs have suffered injury as a result of those actions" [Dkt. 13 at 6]. This falls squarely within the confines of *Saloom*. Moreover, A.K. was removed from Kirschner's custody prior to any hearing but was eventually returned to Kirschner by the court following the end of the CPS investigation, and it is not alleged that any final judgment was entered against Kirschner. Thus, she is not alleged to be a "state court loser." *See Foley v. Texas Dep't of Fam. & Protective Servs*., No. 1:12-CV-270, 2012 WL 6803598, at *7 (E.D. Tex. Nov. 14, 2012) (citing *V.S. v. Muhammad*, 595 F.3d 426, 430 (2d Cir. 2010)) ("Because the state court returned their children to them after this hearing—effectively reversing its prior temporary removal order—and no final judgment was entered against them, the Foleys are not "state-court losers."), *report and recommendation adopted*, No. 1:12-CV-270, 2013 WL 84852 (E.D. Tex. Jan. 7, 2013); *see also Kalmus v. Zimmerman*, No. 1:15-cv-316-RP, 2016 WL 6462297, at *12 (W.D. Tex. Nov. 1, 2016) (finding *Rooker–Feldman* inapplicable where the state court never entered a final judgment). On the live pleadings, the Court is not barred by *Rooker-Feldman* from hearing Plaintiffs' constitutional claims. *See Thomas v. State*, 294 F. Supp. 3d 576, 598 (N.D.

Tex. 2018) (finding *Rooker–Feldman* inapplicable where Plaintiff did not "seek review and rejection of the state courts' judgments . . . [r]ather, she challenge[d] Defendants' alleged actions before and during those proceedings," specifically that "Defendants produced and offered false and defamatory documents against her in state court"), *report and recommendation adopted*, No. 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018); *Foley*, 2012 WL 6803598, at *7 ("the harm complained of by the Foleys is the removal of their children for ten days. The removal occurred after an *ex parte* proceeding before a state judge, which resulted in the issuance of a temporary removal order. . . . Applying the four *Exxon* requirements to this action, the undersigned finds [ ] *Rooker–Feldman* inapplicable because the Foleys were not state-court losers and their claims do not invite review and rejection of a state court judgment.").

Kirschner's state law breach of fiduciary duty claim is also not barred because *Rooker–Feldman* "does not preclude federal jurisdiction over an 'independent claim,' even 'one that denies a legal conclusion that a state court has reached.'" *See Wise v. Wilmoth*, No. 3:16-CV-1039-M-BH, 2017 WL 3267924, at *6 (N.D. Tex. July 3, 2017), *report and recommendation adopted*, No. 3:16-CV-1039-M, 2017 WL 3267727 (N.D. Tex. July 31, 2017). Kirschner's breach of fiduciary duty claim is independent of any underlying state court determination, and thus it is not precluded by *Rooker–Feldman*. *See id.* at *7 (denying Rule 12(b)(1) motion to dismiss a breach of fiduciary duty claim based on *Rooker–Feldman*) ("Plaintiff's state law claims are independent of the underlying dispute and relate to the conduct of the defendants before and during the state court proceedings. They are independent claims that were not addressed by the state courts or that do not directly attack the validity of the existing state court judgment").

### Remaining Grounds for Dismissal

Defendants urge dismissal for failure to state a claim on three grounds: (1) Plaintiffs have failed to state valid § 1983 claims because Risinger and Alexander are not state actors [Dkt. 9 at 8-10]; (2) Kirschner's state law claim is really one for legal malpractice and styling it as a claim for breach of fiduciary duty violates the "anti-fracturing rule"; and (3) Kirschner has not pleaded the facts necessary to allege causation between Risinger's and Alexander's alleged acts of malpractice and the injuries she pleads [Dkts. 8 at 9-13; 9 at 10-14].

### Failure to State a § 1983 Claim (Due Process and Equal Protection Claims)

#### Defendants Risinger and Alexander Are Not State Actors

Defendant Alexander argues Plaintiffs' § 1983 claims for due process and equal protection violations must be dismissed because he is not a state actor and Plaintiffs' Complaint is devoid of allegations that Alexander took any of the acts that allegedly violated Plaintiffs' constitutional rights [Dkt. 9 at 8-10].[5]  To state a claim under 42 U.S.C. § 1983,

> a plaintiff must set forth facts in support of the required elements of a § 1983 action:
> (1) that he has been deprived of a right secured by the Constitution or laws of the
> United States; and (2) that the defendants deprived him of such right while acting
> under color of [state] law.

*Newsome v. Robinson*, No. CIV A 4:08-CV-662-Y, 2009 WL 648980, at *1 (N.D. Tex. Mar. 12, 2009).  Thus, a threshold inquiry for Plaintiffs' claim under § 1983 is whether Risinger and

---

[5] Plaintiffs plead the same claims against Defendants Risinger and Alexander in the live pleading, and as such, because they are similarly situated, Defendant Alexander's grounds for dismissal inure to Defendant Risinger.  The Fifth Circuit has recognized that, when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants.  *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (holding that where "a defending party establishes that plaintiff has no cause of action ... this defense generally inures also to the benefit of a defaulting defendant.").  "The policy rationale for this rule is that it would be 'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants."  *Baggiolini v. Ocwen Fin. Corp.*, No. 4:19-CV-00156-ALM-CAN, 2019 WL 8331423, at *8 (E.D. Tex. Dec. 12, 2019), *report and recommendation adopted*, No. 4:19-CV-156, 2020 WL 813044 (E.D. Tex. Feb. 19, 2020).  Plaintiffs have not alleged any factual basis that would subject Risinger to liability apart from the factual basis alleged against moving Defendant Alexander.  *See McCarty v. Zapata Cnty.*, 243 F. App'x 792, 794-95 (5th Cir. 2007); *Crop Prod. Servs., Inc. v. Keeley*, No. 4:14-CV-559, 2016 WL 2758439, at *5 (E.D. Tex. May 12, 2016); *Newton v. Joseph*, No. 1:13-CV-510, 2015 WL 1321491, at *4 (E.D. Tex. Mar. 23, 2015).

Alexander acted "under color of state law." To act under "color of state law" a defendant must be clothed with the authority of state law; "[w]here there is no state action, no section 1983 constitutional claim exists." *Yeager v. City of McGregor*, 980 F.2d 337, 339 (5th Cir. 1993). "[M]ere private conduct is excluded from § 1983's reach." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (internal quotations omitted). However, in some circumstances, a private party may be acting under color of state law, including where a plaintiff alleges the private party conspired with or acted in concert with state actors. *Priester v. Lowndes Cnty.*, 354 F.3d 414 (5th Cir.), *cert. denied*, 543 U.S. 829 (2004). "The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act, and (2) a deprivation of constitutional rights." *Herndon v. Scottrade*, No. 3:17-CV-3465-B-BH, 2018 WL 5115077, at *2 (N.D. Tex. Sept. 24, 2018), *report and recommendation adopted*, No. 3:17-CV-3465-B-BH, 2018 WL 5113168 (N.D. Tex. Oct. 19, 2018), *appeal dismissed,* No. 18-11447, 2019 WL 2064475 (5th Cir. Jan. 17, 2019). Bare allegations of conspiracy are insufficient to state a § 1983 claim. *Chaney v. Races & Aces*, 590 F. App'x 327, 329-30 (5th Cir. 2014) (per curiam) (citing *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987)); *Cooper v. City of Plano*, No. 4:10-CV-689, 2011 WL 2912808, at *4 (E.D. Tex. June 21, 2010) ("Plaintiff is required to allege specific facts to show an agreement between Defendants and the City, or its employees, to deprive him of a constitutional right under color of law."), *report and recommendation adopted*, No. 4:10-CV-689, 2011 WL 2882074 (E.D. Tex. July 18, 2011).

Plaintiffs' Complaint does not allege that Defendants Risinger and Alexander are state actors or demonstrate how they were purportedly engaged in any state action. Indeed, Plaintiffs' Response seemingly concedes they are not state actors, identifying "[t]he legal character of each Defendant, one being a state actor and the other two being non-state actors" [Dkt. 13 at 4]. And

while Plaintiffs proffer in their Response that Risinger and Alexander acted in concert with DFPS to violate her constitutional rights [Dkts. 12 at 4-6; 13 at 3-5], no such factual allegations appear in the Complaint. Moreover, Plaintiffs explicitly disclaim that they have alleged a conspiracy, instead urging Risinger and Alexander's actions contributed to the decision making of DFPS [Dkts. 12 at 5; 13 at 5].[6] That is not enough. The entirety of Plaintiffs' allegations against Risinger and Alexander relate to their legal representation of Kirschner before the state court. *See Uresti v. Reyes*, 506 F. App'x 328, 329 (5th Cir. 2013) (per curiam) (citing *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008)) (upholding dismissal of § 1983 claim against private attorney where the plaintiff alleged no facts that the private attorneys conspired with a state actor where they exchanged documents with government attorneys). Private attorneys, even if appointed by the court, are not official state actors. *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972); *Eaves v. Texas*, 427 F. App'x 378, 379 (5th Cir. 2011) (per curiam) (citing *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). Filing motions and other pleadings and engaging in the representation of their client are insufficient actions to allege Risinger and Alexander were acting under "color of law." *See Webb v. Webb*, 415 F. Supp. 2d 678, 682-83 (S.D. Miss. 2006) (former spouse and private counsel were not state actors under § 1983). Plaintiffs have failed to state a viable claim under § 1983 against Risinger and Alexander; such claims should be dismissed.

### *Non-Moving Defendant DFPS Has Immunity from Suit*

The Court possesses the inherent authority to dismiss a party (or claims) *sua sponte*. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). "[S]ua sponte

---

[6] Plaintiffs' Response, in full, states: "Plaintiff is not alleging conspiracy, but the actions of both attorney defendants and the actions of TDPS worked in concert to injure Plaintiffs. Furthermore, attorney defendants misrepresentations and actions contributed to the decision making of TDPS" [Dkts. 12 at 5; 13 at 5]. These are nothing more than bare conclusions.

dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Id.* (citing Fed. R. Civ. P. 12(h)(3); *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1869)). Sovereign immunity is a jurisdictional bar permitting the Court to dismiss a complaint *sua sponte*. *Id.* (citing *Cambranis v. Blinken*, 994 F.3d 457, 462 (5th Cir. 2021)). Here, the allegations against DFPS are limited to the federal claims under § 1983 for violations of due process and equal protection; Kirschner's breach of fiduciary duty claim is not brought against DFPS. The Court, having dismissed the § 1983 claims against the other two defendants in this cause, now looks to whether it has jurisdiction to hear such claims against DFPS.

The Eleventh Amendment to the United States Constitution provides that states, state agencies, and state officials acting in their official capacities are immune from suits brought by citizens of other states and from suits brought by a state's own citizens. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). The bar applies not only to suits against the state itself, but also to state actors in their official capacities. *LeBlanc*, 627 F.3d at 124. Sovereign immunity acts as a jurisdictional bar and applies "regardless of the nature of the relief sought." *Pennhurst*, 465 U.S. at 100.[7]

---

[7] An exception to sovereign immunity was recognized by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), which permits prospective injunctive relief against state officials for ongoing federal law violations. The *Ex Parte Young* exception to Eleventh Amendment immunity was designed to end continuing violations of federal law as necessary to vindicate the federal interest in assuring the supremacy of that law. *Green v. Mansour*, 474 U.S. 64, 68 (1985). If "there is no continuing violation of federal law to enjoin in this case, an injunction is not available." *Id.* at 71. The Fifth Circuit "stresse[s] the continuing significance of the distinction between suits against the state or an arm of the state and those against state officials even in actions seeking prospective or injunctive relief" under this doctrine, finding that "neither the state nor its agencies may be sued for injunctive relief in federal court, although injunctive or prospective relief may be sought against state officials without invoking the eleventh amendment bar." *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981). As such, the *Ex Parte Young* exception does not apply to past violations of the law, nor to future violations of state law, and it only applies to suits against state officers, not state agencies. *See Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255-56 (2011). Plaintiffs do not seek prospective injunctive relief, but even they had, the claims would be barred because the *Ex Parte Young* exception does not apply to state agencies, regardless of the relief sought. *See Collins v. Texas Dep't of Fam. & Protective Servs.*, No. 1:20-CV-367-LY, 2021 WL 466135, at *4 (W.D. Tex. Feb. 9, 2021) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)) ("*Ex Parte Young* 'has no application in suits against States and their agencies, which are barred regardless of the relief sought.'").

DFPS is undisputedly an administrative agency of the State; Plaintiffs so plead in their original complaint [*See* Dkt. 1 at 1]. No basis for finding a waiver of DFPS's immunity can be identified in the pleading. Plaintiffs have the burden of identifying a waiver of sovereign immunity for their claims against DFPS. *See Devabhaktuni v. C.P.S.*, No. 3:19-CV-1743-N-BT, 2020 WL 4745050, at *3 (N.D. Tex. July 16, 2020) ("To invoke this Court's subject-matter jurisdiction, Plaintiff must identify a statute waiving the DFPS's sovereign immunity from suit in federal court for the specific claims Plaintiff seeks to bring against the DFPS. Plaintiff has failed to identify any such statute."), *report and recommendation adopted*, No. 3:19-CV-1743-N-BT, 2020 WL 4732088 (N.D. Tex. Aug. 14, 2020). Numerous courts have expressly considered and found DFPS's sovereign immunity is not waived for § 1983 claims alleging violations of due process or equal protection committed during an investigation, as is the case here. *See Collins v. Texas Dep't of Fam. & Protective Servs.*, No. 1:20-CV-367-LY, 2021 WL 466135, at *3 (W.D. Tex. Feb. 9, 2021) ("Plaintiff alleges that TDFPS violated her First and Fourteenth Amendment rights in connection with its investigation and subsequent findings of abuse, neglect, and exploitation of Plaintiff's mother. TDFPS argues that Plaintiff's constitutional claims under § 1983 are barred by sovereign immunity. The Court agrees."); *Ramos v. Texas Dep't of Fam. & Protective Servs.*, No. SA-20-CV-00232-FB, 2020 WL 2214428, at *2 (W.D. Tex. May 7, 2020) ("Plaintiff therefore cannot sue DFPS, a state agency, for violations of due process and equal protection under Section 1983."), *report and recommendation adopted sub nom. Ramos v. Texas Dep't of Fam. Servs.*, No. CV SA-20-CA-232-FB, 2020 WL 8970689 (W.D. Tex. June 10, 2020); *see also Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990) ("Texas has not consented to be sued in federal court by resident or nonresident citizens regarding its activities to protect the welfare of children."). Plaintiffs' claim for money damages against DFPS are barred by the Eleventh Amendment. *See Carr v. Texas*

*Dep't of Fam. & Protective Servs.*, No. 3:19-CV-876-B-BK, 2020 WL 7048669, at *3 (N.D. Tex. Sept. 23, 2020) ("As such, Plaintiff cannot sue TDFPS and CPS, both agencies of the State of Texas, for monetary damages arising from alleged civil rights violations."), *report and recommendation adopted*, No. 3:19-CV-876-B-BK, 2020 WL 7046855 (N.D. Tex. Dec. 1, 2020). Therefore, DFPS is entitled to sovereign immunity as to Plaintiffs' claims. *See Thomas v. Texas Dep't of Fam. & Protective Servs.*, No. 4:21-CV-00437-O, 2021 WL 4808651, at *4 (N.D. Tex. July 29, 2021) (granting defendant's motion to dismiss because plaintiff's claim was "barred because DFPS is entitled to sovereign immunity and the *Ex parte Young* exception does apply to remove the agency's immunity"). Accordingly, the Court recommends dismissing the claims against DFPS. *See Carver*, 18 F.4th at 498 (citing *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020)) ("a jurisdictional dismissal must be *without* prejudice to refiling in a forum of competent jurisdiction.").

In sum, Plaintiffs' § 1983 claims should be dismissed in their entirety, against Defendants Risinger and Alexander with prejudice for failure to state a claim and against Defendant DFPS without prejudice for lack of subject matter jurisdiction.

### *Claim for Breach of Fiduciary Duty*

Defendants next advance that Kirschner's breach of fiduciary duty claim is, if anything, a claim for legal malpractice and cannot be recharacterized under the "anti-fracturing rule" [Dkts. 8 at 10; 9 at 11]. Under the Texas "anti-fracturing rule," any claim questioning the adequacy or appropriateness of legal representation is one for legal malpractice and may not be fractured into other causes of action. *Babauta v. Jennings*, No. 14-16-00540-CV, 2021 WL 786515, at *3 (Tex. App.—Houston [14th Dist.] Mar. 2, 2021, pet. denied) (citing *Perkins v. Walker*, No. 14-17-00579-CV, 2018 WL 3543525, at *2 (Tex. App.—Houston [14th Dist.] July 24, 2018, no pet.)

(mem. op.)); *Won Pak v. Harris*, 313 S.W.3d 454, 457-58 (Tex. App.—Dallas 2010, pet. denied) (citing *Murphy v. Gruber*, 241 S.W. 3d 689, 692-93 (Tex. App.—Dallas 2007, pet. denied)).  As the *Won Pak* court explains, "[t]he anti-fracturing rule prevents plaintiffs from converting what are actually professional negligence claims against an attorney into other claims such as. . .breach of fiduciary duty."  *Won Pak*, 313 S.W. 3d at 457 (citation omitted).  "Although the anti-fracturing rule 'does not necessarily foreclose the simultaneous pursuit of a negligence-based malpractice claim and a separate breach of fiduciary duty or fraud claim when there is a viable basis for doing so,' the plaintiffs 'must do more than merely reassert the same claim for legal malpractice under an alternative label.'"  *Hou v. Berry Appleman & Leiden, LLP*, No. 3:21-CV-2958-D, 2022 WL 2276903, at *6 (N.D. Tex. June 23, 2022) (quoting *Huerta v. Shein*, 498 F. App'x 422, 427 (5th Cir. 2012) (per curiam)) (cleaned up).  Thus, here, Kirschner "must present a claim that goes beyond what traditionally has been characterized as legal malpractice."  *See Huerta*, 498 F. App'x at 427.

"If the gist of a client's complaint is that the attorney did not exercise that degree of care, skill, or diligence as attorneys of ordinary skill and knowledge commonly possess, then that complaint should be pursued as a negligence claim, rather than some other claim."  *Babauta*, 2021 WL 786515, at *3.  "[A negligence] claim encompasses a cause of action based on an attorney giving a client bad legal advice or otherwise improperly representing the client."  *Riverwalk Cy Hotel Partners, Ltd. v. Akin Gump Strauss Hauer & Feld, LLP*, 391 S.W.3d 229, 236 (Tex. App.—San Antonio 2012, no pet.).  A breach of fiduciary duty claim, on the other hand, "involves the 'integrity and fidelity' of an attorney and focuses on whether an attorney obtained an improper benefit from representing the client."  *Gibson v. Ellis*, 126 S.W.3d 324, 330 (Tex. App.—Dallas 2004, no pet.) (quoting *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 923 (Tex.

App.—Fort Worth 2002, pet. denied)).  A breach of fiduciary duty claim arises where an attorney "subordinates his client's interest to his own, retains the client's funds, engages in self-dealing, improperly uses client confidences, fails to disclose conflicts of interest, or makes misrepresentations to achieve these ends."  *Riverwalk Cy Hotel Partners*, 391 S.W.3d at 236. Under Texas law, "whether allegations against a lawyer, labeled as breach of fiduciary duty, fraud, or some other cause of action, are actually claims for professional negligence or something else is a question of law to be determined by the court."  *Huerta* 498 F. App'x at 427 (quoting *Nabors v. McColl*, No. 05-08-01491-CV, 2010 WL 255968, at *2 (Tex. App.—Dallas Jan. 25, 2010, pet. denied) (mem. op.)) (cleaned up).

Kirschner has alleged an independent claim for breach of fiduciary duty.  In relevant part, the live pleading recites:

> 20. Defendant Linda Risinger was the attorney for Ms. Kirschner at the preliminary hearing. She told Plaintiff, even though it was not true, to admit to the allegations of child abuse and attempting to murder her child. Ms. Risinger requested that Ms. Kirschner's rights be terminated at the preliminary hearing because she was upset that Ms. Kirschner would not sign the confession, admitting to the false allegations.

> 21. Timothy Alexander was a lawyer that represented Ms. Kirschner at another investigative hearing a few months after the preliminary hearing. Ms. Kirschner's rights had not been terminated as of yet and were not terminated at this hearing. However, Ms. Kirschner was still displaced from her home and separated from her daughter by CPS.

> 22. Defendant Timothy Alexander lied to Plaintiff, telling her that he had worked out a deal with the State of Texas lawyers that permitted Ms. Kirschner to visit with her daughter. Ms. Kirschner had been separated from her daughter for months without demonstrable cause due to the false allegations that could have easily been determined to be false.

> 23. Upon the advice of Mr. Alexander, Ms. Kirschner visited with her daughter for a short period of time in a room in the building.

> 24. When all parties went before the Judge, Mr. Alexander then proceeded to say that Ms. Kirschner had violated terms and visited with her daughter over his objections. The State of Texas lawyers explained that there was no agreement to

allow Ms. Kirschner to visit with her daughter and that the State of Texas Lawyers were against such a visit.

25. Furthermore, Mr. Alexander attempted to persuade Ms. Kirschner to sign paperwork with nothing printed on it. He refused to explain the purpose of the paperwork.

[Dkt. 1 at 4]. Kirschner's allegations against Defendants Risinger and Alexander center on their provision of legal services, and Kirschner does not allege any improper benefit obtained by either Risinger or Alexander or that they put their own interests above Kirschner's interest. In her Responses, Kirschner concedes "that the Fiduciary Duty claims against both attorney defendants should be pleaded as a Malpractice claim" [Dkts. 12 at 2; 13 at 2]. Accordingly, the Court determines that Kirschner's breach of fiduciary duty claim is a fractured malpractice claim and would be subject to dismissal on that basis. However, Plaintiffs argue they should have an opportunity to amend the Complaint to recast the breach of fiduciary duty claim into a malpractice claim.

## MOTION FOR LEAVE TO AMEND[8]/SUPPLEMENTAL JURISDICTION[9]

To that end, on October 6, 2021, Plaintiffs filed a Motion for Leave to Amend Complaint

---

[8] Federal Rules of Civil Procedure Rule 15(a) governs the amendment of pleadings. *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). "Where a court's permission for leave to amend is required because the amendment is not a matter of course, leave to amend 'shall be freely given when justice so requires.'" *Id.* (citing *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)); FED. R. CIV. P. 15(a)(2). "Determining when 'justice so requires' [granting leave to amend] rests within the sound discretion of a district court." *Jaycox v. Pyle*, No. 6:18-CV-16, 2020 WL 5803610, at *1 (S.D. Tex. Sept. 29, 2020) (citing *Chitimacha Tribe of La. v. Harry L. Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). Under Rule 15, there are a variety of factors the Court may consider: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "If any one of these factors applies, leave may be withheld." *Bingham v. Jefferson Cnty.*, No. 1:11-CV-48, 2011 WL 13152490, at *2 (E.D. Tex. July 15, 2011) (first citing *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010); then citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

[9] Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The question under § 1367(a) is whether the supplemental claims "'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). In other words, the claims must be "so related" that it "would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725.

together with their proposed first amended complaint [Dkts. 20, 21].  Plaintiffs seek to "plead the Fiduciary Duty Breach claims as Malpractice claims" and to "plead with more specificity, the causality of Plaintiffs damages by Defendant attorneys' conduct" [Dkt. 20 at 1].  Looking to the proposed amended complaint, the state law breach of fiduciary duty claim is restyled as a state law legal malpractice claim, and while Plaintiffs add details to the cause of action, the core factual allegations as to Defendants Risinger and Alexander's conduct remains the same [*Compare* Dkt. 1 at 6-7, *with* Dkt. 21 at 6-7].  Defendants oppose any amendment, arguing it would be futile for the same reasons as briefed in the Motions to Dismiss, because: (1) the Court lacks supplemental jurisdiction over Kirschner's state law claims, and (2) the proposed amended complaint does not cure the pleading deficiencies in her breach of fiduciary duty claim – namely the absence of any allegations that would suggest Defendants Risinger and Alexander's alleged conduct proximately caused Kirschner's alleged injuries [Dkts. 8 at 13; 9 at 15; 19; 22].  The Court does not reach Defendants' second argument because it finds supplemental jurisdiction should be declined.

A federal district court "may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C. § 1367(c)(3).  "When district courts dismiss all claims independently qualified for the exercise of federal question, they ordinarily dismiss as well as all related state claims."  *Artis v. District of Columbia*, 138 S. Ct. 594, 597-98 (2018).  This is consistent with the general rule "that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]"  *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc*., 554 F.3d 595, 602 (5th Cir. 2009); *see also Aikens v. Cedar Hill Indep. Sch. Dist*., No. 3:19-CV-00069-X, 2020 WL 1550800, at *2 (N.D. Tex. Mar. 31, 2020).  This Court has recommended dismissal of Plaintiffs' federal claims.  Because all federal law claims have been dismissed, this Court should

not exercise its supplemental jurisdiction over the remaining state law claims – whether in their current form as a breach of fiduciary duty claim or recast in light of the anti-fracturing rule as a legal malpractice claim. *See McMahon v. Fenves*, 323 F. Supp. 3d 874, 881-82 (W.D. Tex. 2018); *see also Diggs v. Waybourn*, No. 4:20-CV-706-P, 2021 WL 961676, at *4 (N.D. Tex. Mar. 15, 2021).[10] The Court also sees no other obvious factor weighing in favor of continuing jurisdiction.[11] When a court declines to exercise supplemental jurisdiction over a plaintiff's remaining state law claims, dismissal should expressly be without prejudice so that the plaintiff may refile in the appropriate state court. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).[12] Plaintiffs'

---

[10] Even where that not the case, declining supplemental jurisdiction would be appropriate here. A breach of fiduciary duty claim is wholly distinct from a § 1983 claim. A state law breach of fiduciary duty claim requires proof of the following: "(1) existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). The proof required for a state law negligence claim is also unlike that necessary to prove a Section 1983 claim based on a constitutional violation. "To prevail on a legal malpractice claim, 'the plaintiff must prove the defendant owed the plaintiff a duty, the defendant breached that duty, the breach proximately caused the plaintiff's injury, and the plaintiff suffered damages.'" *Stanfield v. Neubaum*, 494 S.W.3d 90, 96 (Tex. 2016) (quoting *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009)). Section 1983 requires that Plaintiff prove the following: (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) "the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). None of the elements for either claims overlap or necessarily involve the same nucleus of facts. Nor are the factual allegations inexorably intertwined. *See Lawrence v. Jefferson Par. Pub. Defs.*, No. CV 20-1615, 2021 WL 1733996, at *5-6 (E.D. La. May 3, 2021); *Villareal v. Saenz*, No. 5:20-CV-00571-OLG-RBF, 2021 WL 1986831, at *9 (W.D. Tex. May 18, 2021), report and recommendation adopted, No. SA-20-CV-0571-OLG, 2021 WL 4057570 (W.D. Tex. Aug. 4, 2021). In *Lawrence*, cited by both Defendants, the district court declined to extend supplemental jurisdiction over the plaintiff's state law claims brought against her defense attorneys together with her federal civil rights claims against state officials because the events complained of relating to the lawyers' representation occurred after the arrest that gave rise to her § 1983 claims. *Lawrence*, 2021 WL 1733996, at *5 ("The claims against [attorneys] Tompson, Oregula, and Harris arose as a result of their representation of Plaintiff subsequent to those events. Plaintiff would not be expected to try these state-law negligence claims with her Section 1983 claims.").

[11] "In determining whether to retain jurisdiction over the state law claims, the court considers the provisions of 28 U.S.C. § 1367(c) as well as the factors of judicial economy, convenience, fairness, and comity." *Williams v. Carfrey*, No. CIV.A.3:04CV0694-K, 2005 WL 701033, at *5 (N.D. Tex. Mar. 23, 2005) (quoting *Jones v. Adam's Mark Hotel*, 840 F. Supp. 66, 69 (S.D. Tex. 1993)), report and recommendation adopted, No. CIV.A.3:04CV0694-K, 2005 WL 840255 (N.D. Tex. Apr. 8, 2005). A court may decline to exercise supplemental jurisdiction if: (1) the state claims raise novel or complex issues of state law; (2) the state claims substantially predominate over the federal claims; (3) the federal claims have been dismissed; or (4) there are exceptional circumstances or other compelling reasons for declining jurisdiction. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011); 28 U.S.C. § 1367(c).

[12] Plaintiffs are advised that the period of limitations to file any state claims in state court is "tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d); *see Artis*, 138 S. Ct. at 605 (holding that Congress provided in section 1367(d) "for tolling not only while the claim is pending in federal court, but also for 30 days thereafter"); *Dillenberg v. Watts*, No. 4:20-CV-00458-SDJ-CAN, 2021 WL 2906069, at *13 (E.D. Tex. June 18, 2021), *report and recommendation adopted*, No. 4:20-CV-

Motion for Leave is therefore denied. *See Klein v. Walker*, No. 1:14-CV000509-RC-ZJH, 2016 WL 9245462, at *3 (E.D. Tex. Dec. 4, 2016) (denying leave to amend where the court declined to extend supplemental jurisdiction over the plaintiff's state law claims).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends Defendant Linda Risinger's Motion to Dismiss [Dkt. 8] and Defendant Timothy Alexander's Motion to Dismiss [Dkt. 9] each be **GRANTED** in part and **DENIED** in part; and Plaintiff's Motion for Leave to Amend Complaint [Dkt. 20] be **DENIED**. Thus, as to each of Plaintiffs' claims, the undersigned recommends Plaintiffs' § 1983 claims against Defendants Risinger and Alexander be **DISMISSED WITH PREJUDICE**, Plaintiffs' § 1983 claims against Defendant DFPS be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, and Plaintiffs' state law claims be **DISMISSED WITHOUT PREJUDICE**. Because the undersigned recommends dismissal of Plaintiffs' federal claims and declines to exercise supplement jurisdiction over any remaining state law claims, adoption of this recommendation by the District Court would result in the closing of this case.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

---

458-SDJ, 2021 WL 2894093 (E.D. Tex. July 9, 2021); *Pinto v. Govea*, No. CV H-16-1236, 2018 WL 3421384, at *4 (S.D. Tex. June 29, 2018) ("absent state law providing a longer period, parties have 30 days after the dismissal of their claims in federal court, plus whatever period was left on the statute of limitations on the date the claims were filed in federal court, to refile in state court"), *report and recommendation adopted*, No. 4:16-CV-01236, 2018 WL 3416404 (S.D. Tex. July 13, 2018); *see also Waddleton v. Collier*, No. CV 4:18-4015, 2022 WL 254625, at *9 (S.D. Tex. Jan. 27, 2022).

determination is found.  An objection that merely incorporates by reference or refers to the briefing

before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-

to factual findings and legal conclusions of the magistrate judge that are accepted by the district

court, except upon grounds of plain error, provided that the party has been served with notice that

such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C.

§ 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 21st day of July, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE